**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TODD SCHAFFNER,**

      **Plaintiff,**                          **Case No. 2:10-cv-374**
                                                  **JUDGE GREGORY L. FROST**
      **v.**                                  **Magistrate Judge Norah McCann King**

**PENNY L. PELL, et al.,**

      **Defendants.**

**<u>OPINION AND ORDER</u>**

This matter is before the Court for consideration of Defendant Plain City Police Department's ("PCPD") Motion for Judgment on the Pleadings.  (Doc. # 8.)  For the reasons set forth below, this Court finds the motion well taken in regard to the federal claim and remands the state law claim to the state court.

**I. Background**

According to the Complaint, Defendant Penny L. Pell filed for a Protection Order with the Union County Court of Common Pleas on or about September 2, 2009.  Pell asserted that Plaintiff, Todd Schaffner, harassed her by sending her multiple text messages and by driving past her residence repeatedly.  Schaffner was subsequently arrested by a Plain City police officer and jailed for two days.  Allegedly, a Union County Deputy Sheriff served him with a copy of the Protection Order during the period he was in jail.

Schaffner filed his two-count Complaint on April 2, 2010, in the Union County Court of Common Pleas.  (Doc. # 3.)  Schaffner's Complaint asserts a state law defamation claim against Pell and a federal false arrest claim against PCPD.  (Doc. # 3 ¶¶ 5, 9.)  On April 27, 2009, PCPD

1

filed an Answer (Doc. # 7) and a notice of removal (Doc. # 1).  PCPD subsequently filed a

motion for judgment on the pleadings.  (Doc. # 8.)  Schaffner failed to file a memorandum in

opposition to the motion.  Because the briefing has therefore closed, this Court shall proceed to

address the motion in advance of the scheduled June 25, 2010 non-oral hearing.

## II. Standard

A motion filed under Rule 12(c) of the Federal Rules of Civil Procedure attacks the

sufficiency of the pleadings and is evaluated under the same standard as a Rule 12(b)(6) motion

to dismiss.  *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).  To survive

such a motion, a complaint must therefore contain sufficient factual matter, accepted as true, to

render a claim plausible and not merely possible.  *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007).

## III. Discussion

Schaffner asserts a federal claim against PCPD under 42 U.S.C. § 1983.  Section 1983

provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State . . . subjects, or causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be liable to the
> party injured in an action at law, suit in equity, or other proper proceeding for redress
> . . . .

42 U.S.C. § 1983.  Thus, in order to assert a valid § 1983 claim, Schaffner must show that, while

acting under color of state law, PCPD deprived him of a right secured by the Federal

Constitution or laws of the United States.  *See Alkire v. Irving*, 330 F.3d 802, 813 (6th Cir.

2003).  Schaffner's Complaint alleges that PCPD violated his constitutional rights by arresting

and jailing him prior to serving him with the Protection Order.  (Doc. # 3 ¶ 8.)  PCPD argues

2

that, as a police department, it is not an entity capable of being sued.  (Doc. # 8, at 2.)  PCPD alternatively asserts that even if Schaffner has properly pled a claim for relief against the department, it is still entitled to judgment on the pleadings because Schaffner has failed to assert that the alleged constitutional violation was caused pursuant to official policy or custom.  (Doc. # 8, at 3.)  This Court agrees with both contentions.

A police department is not a juridicial entity subject to suit under Ohio law.  *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006) (citing *Crawford v. Zeitler*, 326 F.2d 119, 121 (6th Cir. 1964); *Johari v. City of Columbus Police Dep't*, 186 F. Supp. 2d 821, 825 (S.D. Ohio 2002); *Fenstermaker v. City of Dayton, Ohio*, 712 F. Supp 639, 644 (S.D. Ohio 1988)).  The Village of Plain City is a municipality and thus subject to suit; however, PCPD is merely a subdivision of the Village of Plain City and is not subject to suit.  *See id.* Accordingly, this Court grants PCPD's motion for judgment on the pleadings because the Complaint fails to state a claim for relief that is plausible on its face.

Even if this Court were to construe a claim against PCPD as a claim against the Village of Plain City, which the Court is not willing to do, PCPD would still be entitled to judgment on the pleadings because the Complaint does not state a viable § 1983 claim.  Municipalities are not liable under § 1983 for an injury inflicted solely by its employees or agents.  *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Rather, as the United States Supreme Court has explained, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Id.*  Schaffner's Complaint does not assert that his constitutional rights were violated pursuant to any Village of

Plain City official policy, custom, or practice. Without such a predicate foundation, there is no basis for liability here.

In light of the failure of Schaffner's sole federal claim, this Court presumptively should not address his state law defamation claim. *See Jackson v. Heh*, 215 F.3d 1326, 2000 WL 761807, at *8 (6th Cir. 2000) (unpublished table decision) (referencing 28 U.S.C. § 1367 and stating that "[w]here, as here, a federal court has properly dismissed a plaintiff's federal claims, there is a 'strong presumption' in favor of dismissing any remaining state claims unless the plaintiff can establish an alternate basis for federal jurisdiction." (citing *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996))). Schaffner has failed to assert any justification or alternative basis for exercising jurisdiction over his state law claim should the Court grant judgment on the pleadings on his federal claim.

The extant question is whether a dismissal without prejudice or a remand of Schaffner's remaining state law claim is warranted. The Sixth Circuit has explained that " '[w]hether to remand or dismiss is a matter normally left to the discretion of the district court.' " *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 761 (6th Cir. 2000) (quoting *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1267 (D.C. Cir. 1995)). In considering the alternatives, the Court recognizes that Schaffner originally sought to pursue his claim in state court. Having weighed this factor, as well as the relevant considerations involving judicial economy, convenience, fairness to the parties, and comity, this Court in its discretion both declines to exercise its supplemental jurisdiction over Schaffner's remaining state law claim, *see* 28 U.S.C. § 1367(c)(3) and (4), and remands the state law claim to the state court. *See Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007) ("In cases that have been removed to

4

federal court . . . we have recognized that 'when all federal claims have been dismissed before trial, the best course is to remand the state law claims to the state court from which the case was removed.' " (quoting *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 359 (6th Cir. 2004))). The Court emphasizes that it expresses no opinion as to the merits of the state law claim.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** PCPD's motion for judgment on the pleadings on the § 1983 claim. (Doc. # 8.) Additionally, the Court declines to exercise jurisdiction over Schaffner's state law defamation claim and remands said claim to the Union County Court of Common Pleas. The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost_____
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE